Sylvia P. Lowenthal. Appellant, v. Ralph M. Lowenthal, Respondent.

First Department, May 29, 1930.

*Harold B. Elgar* of counsel [*Irving I. Goldsmith* and *Frank Rashap* with him on the brief; *Hardin, Hess, Eder & Freschi,* attorneys], for the appellant.

*Abraham Lillienthal,* for the respondent.

Merrell, J. Plaintiff and defendant were formerly husband and wife. Plaintiff brought action against defendant to obtain a divorce upon statutory grounds. On July 24, 1929, an interlocutory decree of divorce was entered in favor of plaintiff and against defendant divorcing the parties. Prior to the entry of the decree of divorce and during the pendency of the action and on or about April 18, 1929, plaintiff and defendant entered into a separation

agreement containing provisions for the payment by defendant husband of alimony for the support and maintenance of plaintiff wife and two minor children of the parties. The interlocutory decree of divorce, among other things, provided as follows:

" Ordered, adjudged and decreed that the defendant pay to the plaintiff in accordance with the terms of a voluntary agreement entered into subsequent to the commencement of this action; in lieu of an action for alimony and counsel fees, which agreement is dated April 18, 1929."

The separation agreement entered into between the parties on April 18, 1929, and thus referred to in the interlocutory decree of divorce, provided as follows:

" *Third.* The husband will contribute toward the support and maintenance of the wife and of the said offspring in the following manner:

" (a) Twenty per cent (20%) of the first Seventy-five hundred ($7500) Dollars received by the husband during each calendar year from services rendered, commissions received, investments made, or business operations.

" (b) Thirty per cent (30%) of all amounts in excess of Seventy-five hundred ($7500) Dollars received by the husband during each calendar year as above. Provided, however, that such sums as the husband may in his sole judgment allocate toward the liquidation of his certain present indebtedness represented and evidenced by promissory notes and amounting as of the 18th day of April, 1929, to the sum of Fifty-six hundred ($5600) Dollars shall be deducted from such excess until the said indebtedness shall have been paid or liquidated."

The said separation agreement between the parties in its 4th provision provided as follows:

" *Fourth.* The husband shall make payments in the following manner:

" (a) On the first day of each month the husband shall pay to the wife twenty per cent (20%) of the amount received by the husband on account of his fixed salary during the last preceding month. Provided, however, that until the indebtedness referred to in subdivision (b) of Article Third of this agreement shall have been paid, the amount of the fixed salary shall be considered to be, for the purposes of this subdivision, the sum of Seventy-five hundred ($7500) Dollars.

"(b) On the thirty-first day of December of each and every calendar year, or as soon thereafter as the husband can obtain an accounting of such moneys as are due and payable to him, he shall render to the wife a statement of all moneys received by

him on account of his said income during the preceding year as hereinbefore defined, and of all moneys paid out by him on account of his said indebtedness likewise as hereinabove defined; and shall at the same time pay over to the wife such additional sum, if any, as may be shown to be due her according to the said statement and this agreement. The wife shall have the right to make such independent investigation or inspection of the husband's books and records as she may deem necessary in order to verify the accuracy of said statement and the husband will properly assist her and facilitate the same."

Under the terms of said separation agreement it thus appears that plaintiff, for the support of herself and the minor children of the parties, was entitled to receive from defendant on the first day of each month twenty per cent of the fixed salary of defendant during the last preceding month. In addition to this plaintiff was to receive, subject to the deductions by reason of payments on the indebtedness of defendant, thirty per cent of all amounts received by defendant in excess of his regular salary of $7,500 during each calendar year. On December thirty-first each year, or as soon thereafter as defendant could obtain an accounting " of such moneys as are due and payable to him," the defendant is required to render to his wife a statement of all moneys received by him " on account of his said income during the preceding year," and of all moneys paid out by him on account of his said indebtedness, and defendant to pay to plaintiff at the same time such additional sum, if any, as might be shown her due under the husband's said statement. The twenty per cent of $7,500, the regular salary which defendant received from his employers, was paid to plaintiff monthly. The statement furnished by defendant and annexed to his affidavit in opposition to the plaintiff's motion for the appointment of a receiver, states that during the year 1929 he received the excess salary of $4,000 and a bonus of $1,000, making in all $5,000 above his regular salary of $7,500. From this excess the defendant paid upon his indebtedness the sum of $1,525. The defendant shows by his statement that during the year he invested moneys in the stock market and met with a net loss from his stock market operations of $3,420.58, and he claims that this loss should be deducted from the excess moneys received by him, reducing the same to $54.42, thirty per cent of which, or $16.33, the defendant tendered to plaintiff as her share of the excess for the year 1929. The controversy between the parties is as to whether the defendant is entitled to deduct from the excess moneys received by him during the calendar year of 1929 his losses resulting from speculation in the stock market. It is urged in support of defendant's

position that at the time of the execution of the separation agreement and until the present time he was employed as manager of an uptown branch of Frank B. Cahn & Co., a Stock Exchange house, and that from the $5,000 excess of salary and bonus which he received from his employer during the year he made investments on his own account meeting with the said net loss of $3,420.58, and the defendant seeks to deduct such loss from the excess moneys received by him in which plaintiff seeks to. share under said agreement. Defendant urges that being employed as a manager of a Stock Exchange house, trading in securities is his business, and that it is necessary to participate with customers in the purchase and sale of securities in order to retain and enjoy his clientele, and that the losses which he sustained through such trading should be offset against the excess salary which he received. By the order appealed from the Special Term seems to have adopted the contention of the respondent in this respect. However, it seems to us that the fair construction of the separation agreement, enforcible under the interlocutory decree, is that the defendant husband is to be required to pay to plaintiff for her support and that of their minor children, thirty per cent of all amounts received by the husband during each calendar year in excess of $7,500, subject, however, to payments made by defendant in liquidation of his existing indebtedness as represented by promissory notes amounting on April 18, 1929, to $5,600. The separation agreement did not contemplate that the defendant should have a right to use the excess salary which he received in speculation or otherwise, without first providing for the payment to plaintiff of thirty per cent thereof. We think the plaintiff was entirely justified under the circumstances in claiming thirty per cent of the balance of $3,47ɔ as shown by the defendant's statement, and that upon the refusal of the defendant to pay her thirty per cent thereof, or $1,042.50, she was justified in instituting sequestration proceedings and asking the appointment of a receiver. Through such proceedings plaintiff's rights can be fully protected.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.